Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| YARITZA ENID MELÉNDEZ FUENTES<br><br>Demandante Peticionaria<br><br>v.<br><br>WILBERT ALEXIS NIEVES MONTERO<br><br>Demandado Recurrido | KLCE202500238 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>CY2020RF00043 consolidado CY2021RF00001<br><br>Sobre:<br>Alimentos – Menores de Edad |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece la señora Yaritza Meléndez Fuentes (señora Meléndez Fuentes o peticionaria) vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Caguas, emitida el 2 de marzo de 2025. En dicho dictamen, el foro primario declaró No Ha Lugar la reconsideración sobre los gastos incurridos en el juego de cuarto del menor de ambos. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, la peticionaria alegó que el señor Wilbert Nieves Montero (señor Nieves Montero o recurrido) le adeuda $1,859.93 del pago de un juego de cuarto y ropa de cama para el hijo de ambos. Por su parte, el recurrido indicó que visitó varias mueblerías, entre las cuales, su hijo escogió un juego de cuarto que costaba $500. Añadió

Número Identificador

RES2025 _____

que los gastos de domicilio provistos por la mueblería fluctuaban entre los $40 y $60. El 21 de enero de 2025, se celebró una *Vista* en la que el foro primario declaró en corte abierta no ha lugar a la solicitud de la peticionaria. La señora Meléndez Fuentes presentó *Moción de reconsideración,* en la que adujo que el recurrido mintió en la cotización y solicitó el pago de lo adeudado. No obstante, nuevamente, el foro primario declaró no ha lugar a la moción de reconsideración. En desacuerdo, la peticionaria recurre ante este Tribunal y alega que erró el foro primario al concederle la cantidad de $453 y no los $1,859.93 que pagó por el juego de cuarto.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones

del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000).

La peticionaria falla en demostrar el carácter irrazonable de la determinación del Tribunal de Primera Instancia a la luz de las circunstancias particulares de este caso y de la potestad del foro recurrido con respecto a la conducción del mismo. Examinado el expediente, no se advierte prejuicio, parcialidad o error manifiesto del foro recurrido que comporte abuso de discreción y que nos obligue a intervenir en el presente caso y con su valoración del monto que correspondía adjudicar por el juego de cuarto objeto de la controversia.

Por los fundamentos que anteceden, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones